## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| LEAP TOOLS INC. | |
| Plaintiff, | Case No. |
| v. | |
| LIGHT LINK SOLUTIONS | |
| Defendant. | |

## COMPLAINT

Plaintiff, Leap Tools Inc. ("Leap Tools"), by its undersigned attorneys, alleges the following for its Complaint against Defendant Light Link Solutions ("Light Link" or "Defendant"):

### Parties

1.      Leap Tools Inc. is a corporation existing under the Canada Business Corporations Act and has a registered address at 1255 Bay Street, Suite 200A, Toronto ON M5R 2A9.

2.      Defendant, Light Link Solutions is a company based in India, and has an address at 4thFloor, Akshar Heights, o/p sbi bank Nr. New, Sanala Rd, Sardar Nagar, Morbi, Gujarat 363641.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States (Title 35 of the United States Code).

4. This Court has personal jurisdiction over Defendant because Defendant conducted and continues to conduct business in this judicial district. In addition, Defendant has engaged in activities related to Leap Tools's claims of patent infringement in this district.

5. Venue is proper in this district over Defendant pursuant 28 U.S.C. § 1391(c) because it is not resident in the United States and may be sued in any judicial district.

## Common Allegations

6. Shopping for home improvement products such as flooring, rugs, wall coverings, paints, etc. traditionally involved a shopper imagining how the new home improvement product would look in the room or rooms where the new products will be used.

7. It is sometimes difficult to visualize how the new products would look in the room or rooms where they are to be used.

8.      In some instances, a webpage may display an image of a new product. But a user of the webpage may desire to see how the product will look in a specific location, such as a room in the user's home.

9.      The use of visualization systems on, for example computers, tablets, mobile phones or the like can allow a shopper to utilize a photo of a room or choose a preselected room scene and then apply different products may look in their selected space. This allows the user to make a more informed purchase decision and have more confidence in their purchasing decision.

10.     The inventors of the asserted patent developed a powerful visualization platform or system known as Roomvo® that specializes in augmented reality and computer vision to help consumers visualize how products will look in their own spaces which is used by many leading retailers such as The Home Depot.

11.     The inventors patented their novel and nonobvious visualization system. The Roomvo® system is covered by four U.S. Patents.

12.     Leap Tools also advertises its products online at e.g. roomvo.com. Prominently displayed on Leap Tools' website is its trademark EVERYONE DESERVES A BEAUTIFUL HOME, used in connection with the offering for sale and sale of its visualization system.



13.     Leap Tools has expended considerable funds and time in promoting its visualization system using the EVERYONE DESERVES A BEAUTIFUL HOME trademark and has made considerable sales of its visualization system under its trademark.

14.     As a result, Leap Tools visualization system sold in connection with its EVERYONE DESERVES A BEAUTIFUL HOME trademark have become very well-known and are well received in the relevant industry.

15.     Leap Tools has acquired value, name and brand recognition, and goodwill in the use of its EVERYONE DESERVES A BEAUTIFUL HOME trademark as a result of continual and substantial advertising, promotion, and interstate commercial activity related to its visualization system, which use dates to at least 2022.

16.     Defendant operates a website at tilesview.ai that advertises and offers visualization systems for sale and or use to the general public in the United States.

17.     Defendant, without authorization from Leap Tools has used on its website the mark EVERYONE DESERVES A BEAUTIFUL HOME in connection with its visualization systems.



### Leap Tools's U.S. Patent No. 12,020,311 B2

18.     Leap Tools is the owner by assignment of U.S. Patent No. 12,020,311 B2 entitled "Systems and Methods for Product Visualization Using a Single-Page Application," hereafter "the '311 Patent," including the right to sue and recover for past infringements of the '311 Patent. A true and accurate copy of the '311 Patent is attached as Exhibit A.

19.     The '311 patent was duly and lawfully issued on June 25, 2024, and remains in full force and effect.

20.     In general, the '311 Patent is directed to systems and methods for visualizing products in a single-page application. (No claim construction is intended or implied, and the following paragraphs relating to the description are

by way of introduction only.)   This description is to very generally introduce certain components that may be included in the claimed invention and described in the specification.

21.    Claim 11 of the '311 Patent recites:

A method for visualizing products in a single-page application, comprising:

providing, by a client system, a request for a script associated with a host system during rendering of a webpage received from the host system;

executing, by the client system, the script received in response to the request to cause the client system to perform operations comprising:

modifying the webpage to include a visualization application in response to a selection of a visualization control in the webpage by a user of the client system;

providing, from the visualization application, a request to display a product in a first image; and

receiving, by the visualization application, instructions for displaying a second image depicting the product in the first image.

## The Accused Products

22.    Defendant makes, uses, offers for sale, sells and/or imports visualization systems into the United States that perform methods that infringe claims of the '311 Patent.

23.    For example, Defendant makes, uses, offers for sale, sells, and/or imports its Tilesview visualization system which is used in the United States.

24.    Defendant further has a product known as Rugview that is a visualization system like the Tilesview visualization system, but for rugs and performs in the same manner as Defendant's Tilesview visualization system and

6

the infringement analysis for the Tilesview visualization system applies equally to Defendant's Rugview visualization system.

25.     Defendant's Tilesview visualization system is advertised on its website at tilesview.ai



:

26.     As shown, Defendant's Tilesview product is a visualization system of the type disclosed and claimed in the '311 Patent.

27.     Defendant's website touts: "Our technology powered by AI is a visualization platform that makes it effortless for your customers to see your products - hardwood, engineered hardwood, vinyl, carpet, tiles, wallpaper, wall panels, paints, rugs, and more - in their own space."

28.    Defendant's website also states, "Your Products, Our Home Visualization Tool" and "Visualize the perfect space, and then make it a reality, Choose your wall coverings, paint, and a rug."

29.    Defendant's visualization systems allow for a user possessing a device, such as a laptop or mobile phone to render a webpage received from a host system (such as Defendant's website.)

30.    The user can then choose the item within a webpage display desired to be visualized, which item will then be modified to display the new item within the webpage displayed on the user's device.

31.    Defendant's Rugview visualization system is advertised on at least rugview.com.

32.    The descriptions of Defendant's products are based on publicly available information and a reasonable investigation of the structure and operation of the Accused Products.

33.    Defendant is fully aware of Leap Tools' visualization system having created and posted comparative literature:



34.    Defendant has also directly reached out to Leap Tools' clients in written correspondence with similar factually incorrect statements.

## Count I — Direct Infringement of the '311 Patent

35.    Leap Tools repeats and realleges the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.    Defendant's Tilesview visualization system and Rugview visualization system are each a system that performs the method set forth in the claims of the '311 patent, including but not limited to claim 11 as set forth below. Leap Tools provides this claim comparison based on its current understanding of the Defendant's Tilesview visualization system and based on information about the Accused Products

made publicly available by Tilesview. This analysis also applies to Defendant's Rugview

visualization system.

| '311 Patent Claim 11 | Defendant's Tilesview |
|---|---|
| A method for visualizing products in a single-page application, comprising: |  |
| providing, by a client system, a request for a script associated with a host system during rendering of a webpage received from the host system; | |

| | |
|---|---|
| executing, by the client system, the script received in response to the request to cause the client system to perform operations comprising modifying the webpage to include a visualization application in response to a selection of a visualization control in the webpage by a user of the client system; | |
| providing, from the visualization application, a request to display a product in a first image; and |  |

| receiving, by the visualization application, instructions for displaying a second image depicting the product in the first image |  |
| --- | --- |

37.     Defendant has directly infringed, and continues to directly infringe, at least claim 11 and of the '311 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling its Tilesview and Rugview visualization systems, and will continue to infringe unless enjoined by this Court.

38.     Defendant's infringing conduct has caused, is causing, and will continue to cause irreparable injury to Leap Tools unless such infringing conduct is enjoined by this Court.

39.     Defendant knowingly and intentionally infringed and continues to infringe at least claim 11 of the '311 Patent, by virtue of its knowledge of Plaintiff's Roomvo product, and that it was patented.

### Count II — Indirect Infringement of the '311 Patent
### Inducement

40.     Leap Tools repeats and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.     Defendant has indirectly infringed, and continue to indirectly infringe, at least claim 11 of the '311 Patent under 35 U.S.C. § 271(b) by actively inducing third parties to infringe.   Defendant's inducement was with full knowledge that they each third party infringed or is infringing at least claim 11 of the '311 patent. Such knowledge occurred no later than the date of this Complaint.

42.     Third parties that were induced by Defendant and that directly infringed at least claim 11 of the '311 patent include, but are not limited to, Exocera,





Powered By Tilesview



43.     Defendant's infringing conduct has caused, is causing, and will continue to cause irreparable injury to Leap Tools unless such infringing conduct is enjoined by this Court.

44.     Defendant knowingly and intentionally induced infringement and continue to induce infringement of at least claim 11 of the '311 Patent, by virtue of its prior knowledge of the '311 Patent.

<u>**Count III — Indirect Infringement of the '311 Patent<br>Contributory Infringement**</u>

45.     Leap Tools repeats and realleges the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46.     Defendant has indirectly infringed, and continue to indirectly infringe, at least claim 11 of the '311 Patent under 35 U.S.C. § 271(c) by offering to

sell, or selling within the United States or imports into the United States a material or apparatus for use in practicing the method of at least claim 11 of the '311 Patent, which constitutes a material part of the invention.

47.    Defendant's acts were and are with full knowledge that the material or apparatus is especially adapted for use in an infringement of the '311 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Such knowledge occurred no later than the date of this Complaint.

48.    Third parties that were induced by Defendant and that directly infringed at least claim 11 of the '311 patent include, but are not limited to, Exocera.





Powered By **Tilesview**



49. Defendant's infringing conduct has caused, is causing, and will continue to cause irreparable injury to Leap Tools unless such infringing conduct is enjoined by this Court.

<u>**Count IV - Violation of Section 43(a) of the Lanham Act**</u>
<u>**False Advertising**</u>

50. Leap Tools repeats and realleges the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51. Defendant has advertised on its website and otherwise provided comparative advertising:



52.     Defendant's statement in its comparative advertising is false for any one or all of the reasons that Leap Tools' Roomvo product 1) has an adjustable grout feature in both width and color; 2) has advanced layouts that are available; 3) has a compare feature; 4) has QR codes; and 5) has demo rooms.

53.     Defendant has also directly reached out to Leap Tools' clients in written correspondence with similar factually incorrect statements.

54.     Defendant uses the false representations in its commercial advertising or promotion, and it misrepresents the nature, characteristics, qualities of Leap Tools' goods, services, or commercial activities.

55.     Defendant's false representations in its advertising in interstate commerce has caused, is causing, and will continue to cause damage to Leap Tools' business, reputation, goodwill, and profits.

56.     On information and belief, Defendant was and is actively aware that the statements identified herein regarding Leap Tools' product, making its false representations willful and deliberate. Defendant's willful activity is further evidenced by its copying of Leap Tool's tagline, "Everyone deserves a beautiful home."

### Count V - Violation of Section 43(a) of the Lanham Act
### Federal Trademark Infringement

57.     Leap Tools repeats and realleges the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58.     Defendant has used, in interstate commerce and without authorization from Leap Tools, a reproduction, copy and/or colorable imitation of Leap Tools' EVERYONE DESERVES A BEAUTIFUL HOME trademark through its advertising, promotion, distribution, and offering for sale of its visualization systems.

59.     Defendant's use of EVERYONE DESERVES A BEAUTIFUL HOME is identical in sight, sound and/or meaning to Leap Tools" EVERYONE DESERVES A BEAUTIFUL HOME trademark.

60.     Defendant's use of EVERYONE DESERVES A BEAUTIFUL HOME on goods and/or services identical to, or at least related to, goods offered for sale and sold by Leap Tools using its EVERYONE DESERVES A BEAUTIFUL HOME trademark.

61.     Defendants target the same customers for its visualization systems as Leap Tools targets for its visualization system.

62.     Defendant has used the same marketing channels in connection with its visualization systems as those used by Plaintiff in connection with its visualization system.

63.     Defendant's use in commerce of a reproduction, copy and/or colorable imitation of Leap Tools' EVERYONE DESERVES A BEAUTIFUL HOME trademark in connection with Defendant's advertising, promotion, distribution, and offering for sale of its visualization systems is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Defendant's products or as to Defendant's affiliation, connection, approval, sponsorship, or association with Leap Tools.

64.     Defendant's actions constitute infringement of Leap Tools EVERYONE DESERVES A BEAUTIFUL HOME trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     Defendant's use of Leap Tools trademark in connection with its visualization systems in interstate commerce has caused damage to Leap Tools' business, reputation, goodwill, profits, and the strength of Leap Tools' EVERYONE DESERVES A BEAUTIFUL HOME trademark.

66.     On information and belief, and by virtue of the widespread exposure and success of Leap Tools' EVERYONE DESERVES A BEAUTIFUL HOME trademark, Defendant was actively aware of Leap Tools and its trademark rights in the EVERYONE DESERVES A BEAUTIFUL HOME trademark, yet proceeded anyway to use the identical EVERYONE DESERVES A BEAUTIFUL HOME trademark in connection with Defendant's visualization systems, thus rendering Defendant's use of Leap Tools' trademark willful and deliberate.

## **RELIEF REQUESTED**

WHEREFORE, Leap Tools respectfully requests that this Court enter a judgment that:

A.     Finds Defendant has directly infringed, and are directly infringing, one or more claims of the '311 Patent;

B.     Finds Defendant has indirectly infringed, and is indirectly infringing, one or more claims of the '311 Patent;

C.     Awards Leap Tools damages adequate to compensate for Defendant's infringement of the '311 Patent under 35 U.S.C. § 284 of not less than a reasonable royalty and increases those damages up to three times;

D.     Finds this case exceptional as set forth in 35 U.S.C. § 285;

E.      Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, be preliminarily and permanently enjoined from infringing the '311 Patent pursuant 35 U.S.C. § 283;

F.      Finds that Defendant has falsely advertised in violation of 15 U.S.C. § 1125(a);

G.      Finds that Defendant's use in commerce of a reproduction, copy and/or colorable imitation of Leap Tools' EVERYONE DESERVES A BEAUTIFUL HOME mark infringes Plaintiff's trademark in violation of 15 U.S.C. § 1125(a);

H.      Awards Leap Tools all profits gained by Defendant as a result of Defendant's false advertising and trademark infringement, increased to an amount this Court deems just pursuant to 15 U.S.C. § 1117:

I.      Awards Leap Tools actual damages sustained as a result of Defendant's false advertising and trademark infringement, increased up to three times to an amount this Court deems just, pursuant to 15 U.S.C. § 1117;

J.      Awards Leap Tools their costs and any additional damages to which Leap Tools are entitled as a result of Defendant's false advertising;

K.      Finds this case exceptional as set forth in 15 U.S.C. § 1117;

L.      Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation

with Defendant, be preliminarily and permanently enjoined from falsely advertising;

M.    Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, be preliminarily and permanently enjoined from infringing Leap Tools' EVERYONE DESERVES A BEAUTIFUL HOME trademark.

N.    Awards Leap Tools its attorneys' fees in accordance with 35 U.S.C. § 285 and 15 U.S.C. § 1117;

O.    Awards Leap Tools costs, pre-judgment, and post-judgment interest at the maximum allowable rate; and

P.    Awards Leap Tools such further relief as the Court deems just and proper.

Respectfully submitted,

Dated:   October 6, 2025

By: */s/ Richard W. Hoffmann*
RICHARD W. HOFFMANN (P42352)
Reising Ethington PC
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail:  hoffmann@reising.com

*Attorneys for Leap Tools LLC.*

22

## <u>JURY TRIAL DEMANDED</u>

Leap Tools demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:  October 6, 2025

By: */s/ Richard W. Hoffmann*

RICHARD W. HOFFMANN (P42352)
Reising Ethington P.C.
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail:  hoffmann@reising.com

*Attorneys for Leap Tools LLC*